UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

AUG 25 PM 4:03

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS OPERATIONS, INC., and ROCHE DIAGNOSTICS GMBH, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil Action No. ) |
| WINSUR WHOLESALE, INC. | ) ) **Jury Trial Demanded** |
| Defendant. | ) ) |

## COMPLAINT

The Plaintiffs, Roche Diagnostics Corporation, Roche Diagnostics Operations, Inc., and Roche Diagnostics GmbH (collectively, "Roche"), for their Complaint against the defendant, Winsur Wholesale, Inc. ("Defendant"), allege and state:

### PARTIES AND JURISDICTION

1. Roche Diagnostics Corporation is an Indiana corporation with its principal place of business in Indianapolis, Indiana.

2. Roche Diagnostics Operations, Inc. is a Delaware corporation with its principal place of business in Indianapolis, Indiana.

3. Roche Diagnostics GmbH is a German corporation with its principal place of business in Mannheim, Germany.

4. Upon information and belief, Defendant is a California corporation having its principal place of business in Corona, California and its corporate offices in Anaheim, California.

5. This Court has personal jurisdiction over Defendant because, among other things, it has caused injury in Indiana by selling and distributing infringing goods into Indiana.

6. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331 and § 1338(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400.

## FACTUAL BACKGROUND

8. Roche Diagnostics GmbH is the owner, and Roche Diagnostics Operations, Inc. is the exclusive licensee, of U.S. Patent No. RE 35,803 ("the '803 Patent") titled "Blood Lancet Device for and Method Withdrawing Blood for Diagnostic Purposes" which issued on May 19, 1998.

9. Roche Diagnostics GmbH is the owner of the trademark SOFTCLIX®, which was registered on the Principal Register on July 6, 1993 by the United States Patent and Trademark Office, Reg. No. 1,780,139, for use in connection with lancet devices and lancets for obtaining capillary blood.

10. Roche Diagnostics GmbH and Roche Diagnostics Corporation have been using the SOFTCLIX® mark in connection with their SOFTCLIX brand lancets and lancet devices.

11. Roche Diagnostics GmbH also owns the trademark SOFTCLIX II for use with its SOFTCLIX II brand lancets and lancet devices.

12. Defendant is distributing lancets in interstate commerce that have been packaged under the name "SOFTLET II®."

13. Upon information and belief, there is no federal registration for SOFTLET II,

notwithstanding the use of the ® symbol.

14. The packaging for Defendant's lancets also contains uses of Roche's SOFTCLIX® mark. Specifically, the package contains the statement that the lancets are "FOR USE WITH SOFTCLIX II AND SOFTCLIX LANCING DEVICES."

15. Roche has not approved the use of Defendant's lancets with its SOFTCLIX® lancet devices, and Defendant's uses of Roche's SOFTCLIX® trademark is without Roche's permission.

## COUNT I
## PATENT INFRINGEMENT

16. Roche Diagnostics Operations, Inc. hereby incorporates by references the allegations of paragraphs 1 through 15.

17. Defendant sells lancets, including lancets sold under the name SOFTLET II® in the United States, without Roche Diagnostics Operations, Inc.'s permission.

18. The use and sale of the Defendant's lancets infringe U.S. Patent No. RE 35,803.

19. Therefore, Defendant is infringing, and/or contributing to the infringement, and/or inducing infringement, of the '803 patent.

20. Defendant will continue to infringe unless enjoined by this Court.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT

21. Roche Diagnostics GmbH incorporates by reference the allegations of paragraphs 1 through 15.

22. Pursuant to 15 U.S.C. § 1072, the registration by Roche Diagnostics GmbH of the SOFTCLIX® mark constitutes constructive notice to others of Roche Diagnostics GmbH's ownership of the SOFTCLIX® mark.

23. Defendant's use of SOFTLET II in connection with its lancets is likely to cause confusion, or mistake, or to deceive, and constitutes infringement of the registered SOFTCLIX® mark in violation of 15 U.S.C. § 1114.

24. Defendant is infringing the federal trademark rights in the SOFTCLIX® trademark.

25. Upon information and belief, such acts by Defendant are willful and with actual knowledge of the SOFTCLIX® trademark.

26. Defendant will continue to infringe Roche's trademark rights unless and until enjoined by this Court.

## COUNT III
## FEDERAL TRADEMARK INFRINGEMENT

27. Roche Diagnostics GmbH incorporates by reference the allegations of paragraphs 1 through 15.

28. Pursuant to 15 U.S.C. § 1072, the registration by Roche Diagnostics GmbH of the SOFTCLIX® mark constitutes constructive notice to others of Roche's ownership of the SOFTCLIX® mark.

29. Roche has not approved or otherwise endorsed the use of Defendant's lancets with Roche's SOFTCLIX and SOFTCLIX II devices.

30. Therefore, Defendant's use in commerce of Roche's SOFTCLIX mark is likely to cause confusion, or mistake, or to deceive, and constitutes infringement in violation of 15 U.S.C. § 1114.

31. Upon information and belief, such acts by Defendant are willful and with actual knowledge of the SOFTCLIX® trademark.

32. Roche has been and will continue to be damaged by such unauthorized activities.

33. Upon information and belief, Defendant's violation of the Lanham Act was knowing, deliberate and intentional and Roche, accordingly, is entitled to a recovery of damages in an amount not to exceed three times their actual damages together with an award of attorneys' fees.

## COUNT IV
## FEDERAL UNFAIR COMPETITION

34. Roche incorporates by reference the allegations of paragraphs 1 through 15.

35. The Defendant's packaging, including its failure to identify the source of the lancets, as well as Defendant's intentional and unlawful uses in commerce of the terms SOFTLET II and SOFTCLIX, is likely to confuse, deceive, and mislead consumers into believing that Roche is the source of Defendant's lancets or that the Defendant is sponsored by, authorized by, or otherwise affiliated with Roche. Defendant's actions are calculated to cause actual confusion and likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Defendant's products with Roche, in violation of 15 U.S.C. § 1125(a).

36. Therefore, Defendant is engaging in unfair competition.

37. Defendant will continue to engage in unfair competition until and unless enjoined by this Court.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

38. Roche incorporates by reference the allegations of paragraphs 1 through 15.

39. Defendant's packaging, including its misleading uses of Roche's trademark, is likely to confuse, deceive, and mislead consumers into thinking that Roche is the source of Defendant's lancets or that the Defendant is sponsored by, authorized by, or otherwise affiliated

with Roche, to the detriment of Roche's goodwill and business, which is in violation of the common laws of the State of Indiana.

40. Therefore, Defendant is engaging in unfair competition as defined by the laws of the State of Indiana.

41. Defendant's conduct is being done willfully and with full knowledge of its false and misleading nature, and with the intent to mislead and deceive the public.

42. Defendant will continue to engage in unfair competition under the laws of the State of Indiana until and unless enjoined by this Court.

WHEREFORE, Roche prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

1. An award of damages in a sum sufficient to compensate Roche for the harm suffered as a consequence of Defendant's patent infringement, trademark infringement, and unfair competition;

2. An enhancement of damages to a sum not exceeding three (3) times Roche's actual damages;

3. Punitive or exemplary damages on Roche's common law unfair competition claim in a sum sufficient to punish Defendant and to deter it and others similarly situated from like conduct;

4. A permanent injunction enjoining and restraining Defendant from using Roche's trademark in a misleading manner;

5. A permanent injunction enjoining and restraining Defendant from infringing the '803 Patent;

6. A permanent injunction enjoining and restraining Defendant from further infringements and unfair practices;

7. An award of attorneys' fees, costs and expenses to Roche; and

8. Such other and further relief as may be proper in the premises.

### JURY DEMAND

Roche demands a trial by jury on all issues in this case other than its request for injunctive relief.

Respectfully submitted,

*[signature: Mary Jane Frisby]*

Paul B. Hunt (15465-71)
phunt@btlaw.com
Mary Jane Frisby (22213-49)
mfrisby@btlaw.com
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
(317) 236-1313

Attorneys for Plaintiffs,
Roche Diagnostics Corporation,
Roche Diagnostics Operations, Inc.,
and Roche Diagnostics, GmbH

INDS02 MJF 674764v1